**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TIFFANY NICOLE PAUL,**

**Plaintiff,**

**v.** **CASE NO.:**

**MAMMOTH STEPS, LLC,**

**Defendant.**
**____________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIFFANY NICOLE PAUL ("Plaintiff"), by and through undersigned counsel, sues Defendant, MAMMOTH STEPS, LLC ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under 26 U.S.C. § 7434 for Defendant's willful filing of fraudulent information returns under and Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for Defendant's failure to pay overtime compensation.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the FLSA and 26 U.S.C. § 7434.

3. Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391(b)(2), because Plaintiff performed her work for Defendant remotely from Clearwater, Pinellas County, Florida, and a substantial part of the events giving rise to her claims occurred in this District.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida who performed work for Defendant remotely from Clearwater, in Pinellas County, Florida.

5. Defendant Mammoth Steps, LLC is a limited liability company headquartered in Phoenix, Arizona, but Plaintiff worked for Defendant from Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Defendant continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Plaintiff was individually covered by the FLSA because she was regularly and recurrently engaged in interstate commerce in performing her work for Defendant.

11. Plaintiff performed her work remotely from Clearwater, Florida, while Defendant was headquartered in Phoenix, Arizona.

12. In performing her work for Defendant, Plaintiff regularly and recurrently communicated across state lines with Defendant's personnel located in Arizona and/or other states through telephone calls, emails, electronic messaging, and other means of interstate communication.

13. Plaintiff's regular and recurrent use of interstate communications in performing her work constituted engagement in commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b) and 207(a)(1).

14. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15. Upon information and belief, at all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

16. Defendant employed employees who regularly engaged in commerce or who handled, sold, or otherwise worked on goods or materials that had moved in or been produced for interstate commerce, including computers, telephones, electronic equipment, and other materials used in Defendant's business.

17. Accordingly, Plaintiff was covered by the FLSA both individually and as an employee of an enterprise engaged in commerce or in the production of goods for commerce.

18. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

19. Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

20. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

21. Plaintiff has satisfied all conditions precedent, or they have been waived.

22. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

23. Plaintiff requests a jury trial for all issues so triable.

## FACTS

24. Plaintiff began working for Defendant on or about August 25, 2023, as a Project Coordinator.

25. Defendant terminated Plaintiff's employment on or about October 10, 2025.

26. Throughout Plaintiff's employment, Defendant misclassified Plaintiff as an independent contractor for payroll and tax purposes.

27. The actual working relationship, however, reflected an employer-employee relationship rather than an independent business relationship.

28. Defendant set Plaintiff's work schedule.

29. Plaintiff generally began work at approximately 10:00 a.m. and worked until approximately 7:00 p.m. or 8:00 p.m., with a one-hour lunch period.

30. Plaintiff occasionally also worked on weekends.

31. Plaintiff typically worked approximately forty-five (45) hours per week.

32. Defendant provided the equipment Plaintiff needed to perform her work.

33. If Plaintiff purchased items for work, Defendant reimbursed her for those purchases.

34. Defendant directed how Plaintiff performed her job and assigned Plaintiff specific responsibilities as a Project Coordinator.

35. Defendant paid approximately one-half of Plaintiff's medical-benefit costs and offered Plaintiff dental and vision insurance.

36. Defendant paid Plaintiff through direct deposit on a salary basis rather than by project or by assignment.

37. Plaintiff worked continuously for Defendant for more than two years; she was not retained for a discrete project with a defined end point.

38. Defendant even acknowledged to Plaintiff that it treated her more like an employee, rather than an independent contractor, but nevertheless

maintained the independent-contractor classification because Defendant did not want the tax implications associated with treating workers as employees.

39. Plaintiff incurred additional tax burden as a result of Defendant's misclassification.

40. Despite Plaintiff's employee status and regular overtime work, Defendant did not pay Plaintiff any overtime premium for hours worked in excess of forty (40) in a workweek.

41. Defendant's FLSA violations were willful.

42. Defendant deliberately classified Plaintiff as an independent contractor despite acknowledging that it treated her more like an employee, and Defendant intentionally failed to pay overtime compensation.

**COUNT I – CLAIM FOR RELIEF**
**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434 (a)**

43. Plaintiff realleges and incorporates paragraphs 1 through 11, 21 through 39, and 42 as though fully set forth herein.

44. By failing to provide Plaintiff with W-2 Forms for all of the tax years during which she was employed by Defendant, and failing to properly record, account for, and report to the IRS all of the monies paid to Plaintiff as compensation for all of the hours that Plaintiff worked during the course of her employment, Defendant filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

45. Under the Internal Revenue Code, 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

***WHEREFORE*, Plaintiff demands:**

(a) A declaration that Defendant committed violations of the IRC;

(b) A declaration that Defendant acted willfully in deliberate or reckless disregard for Plaintiff's rights and its obligations under the FLSA and IRC;

(c) Judgment against Defendants stating that their violations of the IRC were willful;

(d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e) All costs and attorney's fees incurred in prosecuting these claims;

(f) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

(g) That Defendant be ordered to take all the necessary steps to correct the above identified information returns; and

(h) For such further relief as the Court deems just and equitable.

## COUNT II - FLSA OVERTIME VIOLATION

46. Plaintiff realleges and incorporates paragraphs 1 through 38, and 40 through 42 as though fully set forth herein.

47. During the statutory period, Plaintiff was Defendant's employee and was non-exempt from the FLSA's overtime requirements.

48. At various times during her employment, Plaintiff worked more than forty (40) hours in a workweek, typically working approximately forty-five (45) hours per week.

49. Defendant failed to compensate Plaintiff at the overtime rate required by 29 U.S.C. § 207(a)(1) for all hours she worked in excess of forty (40) in a workweek.

50. Defendant's failure to pay overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

51. As a result of Defendant's violations, Plaintiff has suffered damages.

***WHEREFORE*, Plaintiff demands:**

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated this 2nd day of October, 2026.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar No. 37061
**HANNAH E. DEBELLA**
Florida Bar No. 1026002
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
Attorneys for Plaintiff